NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO ANTONIO MARROQUIN, | No. 15-16515 |
| Plaintiff-Appellant, | D.C. No. 4:11-cv-04535-SBA |
| v. | |
| R. BOWMAN, M.D.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Former California state prisoner Armando Antonio Marroquin appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

claims relating to his medical treatment and subsequent transfer to an Arizona

correctional facility.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (failure to exhaust administrative remedies); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Marroquin's deliberate indifference claims stemming from his transfer to an Arizona correctional facility because Marroquin did not properly exhaust all steps of the grievance process, and he did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion [of administrative remedies] demands compliance with an agency's deadlines and other critical procedural rules[.]"); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where improper screening renders administrative remedies unavailable or where exhaustion might otherwise be excused).

The district court properly granted summary judgment on Marroquin's medical deliberate indifference claims because those claims are barred by the statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (explaining that forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions and California's relevant statute of limitations is two years).

The district court did not abuse its discretion in denying Marroquin's Federal

15-16515

Rule of Civil Procedure 59(e) motion for reconsideration because Marroquin failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 59(e)).

The district court did not abuse its discretion in denying Marroquin's motion for leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in denying Marroquin's motion to appoint counsel because Marroquin did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requirements for appointment of counsel).

We reject as meritless Marroquin's contentions regarding the district court's failure to provide him with notice as required under *Rand v. Rowland*, 154 F.3d 952, 959-60 (9th Cir. 1998) (en banc), and failure to sua sponte transfer his claims to Arizona district court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Marroquin's request for judicial notice, set forth in his opening brief, is denied.

**AFFIRMED.**